UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELANIE BOYTE, § | | |
| DAVID WITTIE, and, § | | |
| ADAPT OF TEXAS, § | | |
| Plaintiffs, § | CIVIL ACTION NO. | |
| v. § | | |
| § | 3:10-cv-1467 | |
| LIONHEAD HOLDINGS, § | | |
| ALLIED MEDICAL GROUP, and § | | |
| HAAM ULLY and SORAB MIRAKI § | | |
| d/b/a Burger Bueno, § | | |
| Defendants. § | | |

**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs Melanie Boyte, David Wittie, and ADAPT of Texas ("ADAPT") bring the following claims against Defendants Lionhead Holdings, owner and manager of the shopping center located at 13021 Coit Road, Dallas, Texas, 75240, and the following businesses and tenants located therein: Allied Medical Group, owner of the Chiropractic Office, and Haam Ully and Sorab Miraki, doing business as the owner of Burger Bueno. Plaintiffs respectfully show that the building where the businesses are located is not accessible to individuals with mobility disabilities in violation of federal and state law.

This case is about the refusal of Defendants, owner of a multi-business property, and two of the businesses therein, to allow Ms. Boyte and Mr. Wittie, two members of ADAPT, to access their property. Ms. Boyte and Mr. Wittie, who both use wheelchairs for mobility, had been at a nearby conference advocating disability rights sponsored by ADAPT when they attempted to enter the property for lunch.

Despite the complete lack of disability accessible parking, and the complete lack of a disability accessible alternatives to the curbed sidewalk wrapping around the property, Ms. Boyte and Mr. Wittie, at their peril, made their way onto the property. They were then prevented from

entering several of the businesses located at the shopping center by additional steps ranging from 4 1/2 inches to 7 inches high.

## STATEMENT OF CLAIM

1. Ms. Boyte, Mr. Wittie, and ADAPT, for their claim and cause of action against Defendant Lionhead Holdings, respectfully show that Defendant's shopping center, located at 13021 Coit Road, Dallas, Texas 75240, violated federal and state disability laws.

2. Ms. Boyte, Mr. Wittie, and ADAPT, for their claim and cause of action against Defendant Allied Medical Group, respectfully show that Defendant's Chiropractic Office located at 13021 Coit Road, Dallas, Texas 75240, violated federal and state disability laws.

3. Ms. Boyte, Mr. Wittie, and ADAPT, for their claim and cause of action against Defendants Haam Ully and Sorab Miraki, respectfully show that Defendant's Burger Bueno located at 13021 Coit Road, Dallas, Texas 75240, violated federal and state disability laws.

4. Ms. Boyte, Mr. Wittie, and ADAPT seek declaratory and injunctive relief, damages, and attorneys' fees and costs against Defendants for violations of Title III of the Americans of Disabilities Act ("ADA"), 42 U.S.C. § 12181, the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), the Texas Architectural Barriers Act ("TABA"), TEX. GOV'T. CODE ANN. § 469, the Texas Accessibility Standards ("TAS"), and Chapter 121 of the Texas Human Resources Code, TEX. HUM. RES. CODE ANN. § 121.002(4) ("Chapter 121").

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title III of the ADA, Chapter 121 and TABA. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, and the aforementioned federal statutory provisions. Ms. Boyte, Mr. Wittie, and ADAPT further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to consider their state law claims.

6. Venue is proper in this Court pursuant to rule 28 U.S.C. § 1391(b) as the events complained of occurred in the City of Dallas where the property is located.

## PARTIES

7. Ms. Boyte is a regular visitor to Dallas, Texas, and an ADAPT member. She uses a wheelchair as a primary means of mobility. She is a "qualified individual with a disability," as defined by the ADA. She is also a "person with a disability" within the meaning of the ADA Title III and Chapter 121.

8. Mr. Wittie is a regular visitors to Dallas, Texas, and an ADAPT member. He uses a wheelchair as a primary means of mobility. He is a "qualified individual with a disability," as defined by the ADA. He is also a "person with a disability" within the meaning of the ADA Title III and Chapter 121.

9. ADAPT of Texas is a disability rights advocacy organization. They represent their members across Texas, and conduct outreach and organizing efforts in Dallas, Texas.

10. Defendant Lionhead Holdings is the property manager and leasing agent of the shopping center, located at 13021 Coit Road, Dallas, Texas, 75240, where the events at issue in this case occurred. Defendant may be served with process by serving its registered agent Michael Mantas at 7203 J. Carpenter Frwy, Dallas, Texas, 75247.

11. Defendant Allied Medical Group is the owner of an Allied Medical Chiropractic Office operating at 13021 Coit Road, Dallas, Texas, 75240. Defendant may be served with process by serving its registered agent, Allied Medical Group, 7203 J Carpenter Frwy, Dallas, Texas, 75247.

12. Defendants Haam Ully and Sorab Miraki are the owners of Burger Bueno, a restaurant where the events at issue in this case occurred, located at 13021 Coit Road, Dallas,

Texas, 75240. Defendants may be served with process by serving Haam Ully and Sorab Miraki at Burger Bueno, 13021 Coit Road, Dallas, Texas, 75240.

## STATEMENT OF FACTS

13. Ms. Boyte and Mr. Wittie each have mobility impairments which make certain accommodations necessary to allow them access to public facilities. They traveled from their homes in the Austin, Texas area to Dallas, Texas on March 8, 2010 to attend a conference advocating disability rights on behalf of ADAPT.

14. During the course of their stay in Dallas, they attempted to get lunch near their hotel and chose to visit a restaurant located at 13021 Coit Road, Dallas, Texas.

15. Arriving at the property, Ms. Boyte and Mr. Wittie found no disability accessible parking to the property including the restaurant located on the property, Burger Bueno.

16. The property has a six inch curb around the building where the businesses are located. There was a type of ramp, perhaps a service ramp, leading to the curb, but it was not accessible due to a gap between it and the walkway surrounding the building, and was not ADA compliant.

17. Ms. Boyte and Mr. Wittie found no safely accessible path onto the property and were forced to navigate a gutter cut into the sidewalk to avoid the surrounding six inch curb.

18. Ms. Boyte and Mr. Wittie were at last able to enter the Burger Bueno for lunch where they spoke to the shift manager, complained about the problems with accessibility, and were told the owner of the Chiropractic Office was the property owner.

19. Ms. Boyte and Mr. Wittie then attempted to enter the Chiropractic Office but could not due to a six inch step leading to the front door. Ms. Boyte was not accommodated when she knocked on the window to gain the attention of a staff member to talk about the accessibility problems at their property. A staff member opened the door over the step and told the Plaintiffs to leave and that there was no one who would speak with them.

20. The Defendants were notified of the accessibility problems but have failed to make the necessary changes to meet accessibility standards mandated by the ADA Title III, TABA, Chapter 121, and TAS.

## CAUSES OF ACTION

### I. Violations of Title III of the ADA

21. Under the ADA, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a).

22. Under the ADA, 42 U.S.C. § 12181(7), "the following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce: ...[a] restaurant, bar, or other establishment serving food or drink, …[a] shopping center, …[a] professional office of a health care provider…" 42 U.S.C. §§ 12181(7)(b), (e), (f). Defendants' properties are places of public accommodation.

23. The ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") sets forth the standards for accessibility in order to comply with the ADA. ADAAG applies to the shopping center. ADAAG applies regardless of whether the facility is a new or old construction, since removal of the barriers described herein are readily achievable within the meaning of the ADA. 42 U.S.C. §§ 12131(c), 12204.

24. The shopping center fails to meet these ADAAG requirements:

   a. Section 4.1.2(5)(a) provides that "If parking spaces are provided for self-parking by employees or visitors…then accessible spaces…shall be provided in each such parking area in conformance with the table…" The table reads that if there are 1 to 25 total spaces in the lot, the required minimum number of accessible spaces is one. If there are 26 to 50 total spaces in the lot, the required minimum number of accessible spaces is two. There are no accessible spaces provided in the Defendants' lot.

    b. Section 4.3.1 provides that "At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve." There is no accessible route from the public sidewalk to the property.

    c. Section 4.3.2 provides that "At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site." There is no accessible route connecting all shops on the property.

    d. Section 4.7.1 provides that "curb ramps…shall be provided wherever an accessible route crosses a curb." Defendants' property is surrounded by a curb, necessitating a ramp for individuals with mobility impairments to navigate.

    e. Section 4.7.2 provides that "…transitions from ramps to walks, gutters, or streets shall be flush and free of abrupt changes." Defendants' attempt at creating a ramp from the parking lot to the walkway does not sit flush to the curb. There is a 5 inch gap between the ramp and the curb making it hazardous, if not impossible, for individuals with mobility impairments to reach the property's walkway. The ramp also exceeds the permissible slope.

    f. Section 4.13.8 provides that "Thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors." Several doorways on the Defendants' property have steps ranging from 4 inches to 7 inches making it impossible for individuals with mobility impairments to reach the property's walkway and businesses.

## II. Violations of Chapter 121 and TABA

25. Texas law creates a cause of action for people with disabilities against any person, firm, association, corporation, or other organization that deprives them of their civil liberties. TEX. HUM. RES. CODE. ANN. § 121.003(d)(1).

26. Chapter 121 of the Texas Human Resources Code applies to all public facilities. Defendants' facility is a "public facility" within the meaning of Chapter 121. *Id*. § 121.002(5).

27. The policy of the State of Texas is to "enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." *Id*. § 121.001.

28. Further, the Texas Human Resources Code provides, "no person with a disability may be denied admittance to any public facility in the state because of the person's disability." *Id*. §121.003(c).

29. TABA applies to a privately funded building or facility that is defined as a "public accommodation" by Section 301, Americans with Disabilities Act of 1990 (42 U.S.C. § 12181), and its subsequent amendments, and that is constructed, renovated, or modified on or after January 1, 1992." TEX. GOV'T CODE ANN. § 469.003(a)(4) (Vernon 2009). The term "facility" includes "[a]ll or any portion of…roads, walks, [and] passageways." 16 TEX. ADMIN. CODE § 68.10(14) (2007). Defendants have built, renovated, or modified the facility since 1992, thus bringing them within the domain of TABA.

30. Under Chapter 121, discrimination includes a "failure to: (1) comply with Article 9102, Revised Statues [TABA]; (2) make reasonable accommodations in policies, practices, and procedures; or (3) provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." TEX. HUM. RES. CODE ANN. § 121.003(d).

31. Defendant's facility is a "facility used by the public" within the meaning of TABA and its interpreting regulations. TEX. GOV'T CODE ANN. § 469.003(a)(1).

32. The Texas Accessibility Standards of the Architectural Barriers Act ("TAS") sets forth the standards for accessibility in order to comply with the TABA. TEX. GOV'T CODE ANN. § 469.052(a). TAS applies to the shopping center and the businesses located there.

33. The shopping center fails to meet these TAS requirements:

    a.  Section 4.3 regarding accessible routes.

    b.  Section 4.6 regarding accessible parking.

    c.  Section 4.7 regarding accessible curb ramps.

    d.  Section 4.8 regarding accessible ramps.

   e. Section 4.13.8 regarding accessible door thresholds.

34. Plaintiffs are entitled to collect damages no less than $100 per violation of Chapter 121.004 for deprivation of their civil liberties. TEX. HUM. RES. CODE § 121.004(a) (Vernon 2009).

## INJUNCTIVE RELIEF

35. Because Ms. Boyte, Mr. Wittie, and ADAPT will continue to experience unlawful discrimination as a result of the Defendants' failure and continual refusal to comply with the ADA, TABA, and Chapter 121, injunctive relief is necessary to order the Defendants to modify the parking to accommodate disability accessible parking, to construct a safe and sufficient ramp to navigate the curb surrounding the property, and to construct ramps at each storefront on the property that has an inaccessible step.

## DECLATORY RELIEF

36. Ms. Boyte, Mr. Wittie, and ADAPT are entitled to a declaratory judgment concerning each of Defendants' violations of law, specifying the rights of persons with disabilities regarding the facilities and services available to the public at the Defendants' property.

## ATTORNEY'S FEES AND COSTS

37. Ms. Boyte, Mr. Wittie, and ADAPT seek reasonable attorney's fees and court costs pursuant to the ADA, 42 U.S.C. §12205.

## PRAYER FOR RELIEF

38. Therefore, Ms. Boyte, Mr. Wittie, and ADAPT respectfully request that this Court award the following relief:

 A. Issue a permanent injunction, requiring Defendants, their agents, servants, and employees, and all persons acting in concert with Defendants, to eliminate all barriers described herein that prevent Ms. Boyte and Mr. Wittie and people with disabilities from having access to goods, services, facilities, privileges, advantages, and accommodations of the property violating the ADA, Chapter 121, and TABA, and from discriminating

    against Ms. Boyte, Mr. Wittie, ADAPT, and people with disabilities, at any time in the future in violation of the law;

B. Enter declaratory judgment that Defendants' practices, policies, and procedures in the past have prevented, and continue to prevent, Ms. Boyte, Mr. Wittie, and similarly situated individuals from fully accessing the property and discriminate against them, in violation of the ADA, Chapter 121, and TABA;

C. Award Plaintiffs actual and/or statutory damages in the amount of at least $100 per violation of Chapter 121 of the Texas Human Resources Code;

D. Find that Ms. Boyte, Mr. Wittie, and ADAPT are the prevailing parties in this action, and order Defendants liable for all of Ms. Boyte, Mr. Wittie, and ADAPT's attorney's fees, costs, and litigation expenses; and,

E. Grant such other and additional relief to which Ms. Boyte, Mr. Wittie, and ADAPT may be entitled.

Date: September 16, 2010

                                                      Respectfully submitted,

                                                      /s/ Todd D. Batson
Todd D. Batson
NY Bar No. 4769154
Joseph P. Berra
TX Bar No. 24027144
James C. Harrington
TX Bar No. 09048500
Wayne Krause
TX Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
(512) 474-5073 [phone]
(512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

  I hereby certify that on September 16, 2010, I mailed a copy of this amended complaint to Defendants Lionhead Holdings and Allied Medical Group, by and through their agent, Michael Mantas, 7203 J. Carpenter Freeway, Dallas, Texas 75247, CMRRR # 7009 3410 0002 4577 2193, and to Defendants Haam Ully and Sorab Miraki, d/b/a Burger Bueno, 13021 Coit Road, Dallas, Texas 75240, CMRR # 7009 3410 0002 4577 2186.

              /s/ Todd D. Batson
              Todd D. Batson