```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION

MELANIE BOYTE, et al.,            §
                                  §
         Plaintiffs-              §
         counterdefendants,       §
                                  §
VS.                               § Civil Action No. 3:10-CV-1467-D
                                  §
LIONHEAD HOLDINGS, et al.,        §
                                  §
         Defendants,              §
                                  §
and                               §
                                  §
SORAB MIRAKI d/b/a BURGER         §
BUENO,                            §
                                  §
         Defendant-               §
         counterplaintiff.        §
```

MEMORANDUM OPINION
AND ORDER

The instant motion to dismiss presents the question whether the defendant-counterplaintiff has pleaded counterclaims for fraud and frivolous litigation on which relief can be granted. Concluding that he has not, the court grants the motion to dismiss but grants him a final opportunity to plead a fraud counterclaim.

I

Plaintiffs-counterdefendants Melanie Boyte ("Boyte"), David Wittie ("Wittie"), and ADAPT of Texas ("ADAPT") sued several defendants, including *pro se* defendant-counterplaintiff Sorab Miraki ("Miraki") d/b/a Burger Bueno, alleging disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*, the Texas

Architectural Barriers Act, Tex. Gov't Code Ann. § 469.001, *et seq.* (Vernon 2004), and Tex. Hum. Res. Code Ann. § 121.003 (Vernon 2001). Miraki counterclaimed for fraud and frivolous litigation. Plaintiffs move to dismiss the counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because Miraki is proceeding *pro se*, the court construes the allegations of Miraki's counterclaim liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

Boyte and Wittie have mobility impairments, use wheelchairs as their primary means of mobility, and are members of ADAPT, a disability rights advocacy organization. Plaintiffs allege that while in Dallas for a disability rights conference, Boyte and Wittie sought to eat lunch at Burger Bueno and had difficulty entering the restaurant because a walkway surrounding the building was inaccessible by wheelchair. Specifically, although there was a ramp that nearly connected the pavement and the walkway, the ramp did not rise to the level of the walkway and was therefore not wheelchair accessible. Plaintiffs assert that Miraki is an owner of Burger Bueno and that they notified him of the accessibility problem, but he failed to make the changes necessary to meet the accessibility standards of federal and state law.

Miraki denies plaintiffs' allegations and asserts counterclaims for fraud and frivolous litigation. He maintains

- 2 -

that when Boyte and Wittie visited Burger Bueno, he directed them to the location of the wheelchair ramp and they acknowledged its existence.

II

The court first considers Miraki's fraud counterclaim. Miraki maintains that when Boyte and Wittie asked him where the wheelchair ramp was located, he directed them to the ramp, and they acknowledged its existence, but they subsequently sued Miraki arguing that Burger Bueno was not wheelchair accessible.

A

Under Texas law, a claimant alleging fraud must prove the following:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

Rule 9(b) heightens the pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud. *Id.* ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud

or mistake."). "'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). In other words, the claimant must plead the "who, what, when, where, and how" of the fraud. *Id.* (internal quotation marks and citation omitted). Therefore, to survive plaintiffs' motion to dismiss, Miraki must state with particularity facts that demonstrate fraud—he must state the "who, what, when, where, and how" of the fraud.

B

Construing Miraki's counterclaim liberally, it appears that Miraki alleges that plaintiffs made two material misrepresentations: (1) while visiting Burger Bueno, plaintiffs acknowledged that a wheelchair ramp existed and (2) in their amended complaint, plaintiffs alleged that Burger Bueno was not wheelchair accessible.

First, Miraki argues that when plaintiffs visited Burger Bueno, they acknowledged that a wheelchair ramp existed, that Miraki justifiably relied on their acknowledgment, and that he suffered injury as a result of his reliance. But Miraki does not allege that plaintiffs' acknowledgment was false, that plaintiffs

knew it was false, or that plaintiffs intended for Miraki to rely on their acknowledgment. Moreover, Miraki has not alleged with particularity that his reliance was justified or that he suffered injury as a result of his reliance.

Miraki also argues that in filing their amended complaint, plaintiffs alleged that Burger Bueno was not wheelchair accessible. He asserts that this was a false statement of material fact (presumably, because plaintiffs previously acknowledged to Miraki that a wheelchair ramp existed), that plaintiffs knew this statement was false, and that plaintiffs intended to deceive Miraki with the hope that he would not inspect the premises for wheelchair accessibility. But Miraki has not alleged that he justifiably relied on plaintiffs' allegations in the amended complaint or that he suffered injury as a result of such reliance.

The court therefore holds that Miraki has not satisfied Rule 9(b) and has failed to state a fraud counterclaim upon which relief can be granted.

III

The court turns next to Miraki's counterclaim for frivolous litigation.

Miraki contends that plaintiffs and their attorney have instituted frivolous litigation, in violation of Rule 11 and in bad faith. He maintains that plaintiffs' attorney was required to perform a due diligence investigation concerning the factual basis

of plaintiffs' claim before filing suit.  Miraki requests that the court impose sanctions on plaintiffs and their attorney and hold plaintiffs' attorney in contempt.

Plaintiffs argue that there is no cause of action for a frivolous lawsuit, and that the proper mechanism to challenge an allegedly frivolous claim is a motion to dismiss.  Miraki does not point to, and the court has not found, any authority that recognizes an affirmative cause of action for frivolous litigation.

Nor can such a counterclaim be found in Rule 11.  "Rule 11 does not create a cause of action that may be presented by counterclaim."  *Hooker v. Dallas Indep. Sch.* Dist., 2010 WL 4025877, at *10 (N.D. Tex. Oct. 13, 2010) (Fitzwater, C.J.) (citation omitted); *Port Drum Co. v. Umphrey*, 852 F.2d 148, 150 (5th Cir. 1988) (holding that nothing sets Rule 11 "apart from the other federal rules in any respect that would be deemed to confer new substantive rights").  Thus, as a matter of law, a party cannot assert a Rule 11 counterclaim for substantive relief.

The court therefore holds that Miraki's counterclaim for frivolous litigation fails to state a claim upon which relief can be granted.

IV

Although the court is dismissing Miraki's fraud counterclaim, it will permit Miraki to replead.  Courts often grant claimants one opportunity to refile a dismissed claim, unless it appears the

claimant cannot cure the initial deficiencies in the pleading.  *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks and citations omitted); *see also St. Paul Commodities, LLC v. DB Fleet, LLC*, 2009 WL 3378598, at *3 (N.D. Tex. Oct. 21, 2009) (Lindsay, J.) (allowing defendant to replead its fraud counterclaim because it was not necessarily incurable) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)).  Because there is no indication that Miraki cannot, or is unwilling to, cure the defects identified regarding his fraud counterclaim, the court grants him 30 days from the date this memorandum opinion and order is filed to file an amended answer that states a fraud counterclaim that complies with Rule 9(b).

Miraki is not granted leave, however, to replead his frivolous litigation counterclaim because the defect in that claim is incurable.

\* \* \*

Plaintiffs' November 24, 2010 motion to dismiss Miraki's counterclaims is granted.  Miraki is granted 30 days from the date this memorandum opinion and order is filed to file an amended

answer that states a fraud counterclaim with particularity upon which relief can be granted.

**SO ORDERED.**

January 19, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE