IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELANIE BOYTE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:10-CV-1467-D |
| VS. § | |
| § | |
| LIONHEAD HOLDINGS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The court must decide whether the doctrine of claim preclusion bars plaintiffs' claims against defendants and whether statements that defendants made in their Fed. R. Civ. P. 12(b)(6) motion to dismiss constitute judicial admissions entitling plaintiffs to summary judgment on their declaratory judgment claim. Concluding that claim preclusion bars all of plaintiffs' claims except for their declaratory judgment claim, and that defendants neither made judicial admissions regarding privity nor are estopped from challenging whether privity has been shown, the court grants in part and denies in part defendants' motion to dismiss, and it denies plaintiffs' motion for partial summary judgment.

I

Plaintiffs Melanie Boyte, David Wittie, and Adapt of Texas sued defendants Lionhead Holdings ("Lionhead"), Allied Medical Group ("Allied") (collectively, "original defendants"), Haam Ully ("Ully"), and Sorab Miraki ("Miraki") d/b/a Burger Bueno alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et*

*seq.*, Chapter 121 of the Texas Human Resources Code, and the Texas Architectural Barriers Act. Plaintiffs alleged that the shopping center or business of each defendant lacked the accessability accommodations required under federal and state law. The court entered a default judgment against Lionhead and Allied, and plaintiffs dismissed their claims against Ully and Miraki.

Plaintiffs filed a second amended complaint that added defendants Michael Mantas d/b/a Lionhead and Allied ("Mantas"), PNYX, LP d/b/a Lionhead ("PNYX"), and Allied Group MD PA d/b/a Allied ("Allied MD PA") (collectively, "defendants"). The second amended complaint asserted the same claims against defendants as the first amended complaint asserted against the original defendants, but the second amended complaint also alleged a declaratory judgment claim requesting that the court declare that defendants are liable for satisfaction of the default judgment that the court entered against the original defendants.

Defendants move to dismiss under Rule 12(b)(6), contending that plaintiffs' claims are barred by claim preclusion based on the default judgment entered against the original defendants. In conjunction with their opposition response to the motion to dismiss, plaintiffs filed a motion for partial summary judgment on their declaratory judgment claim. They maintain that defendants' position in their motion to dismiss proves that defendants are required to satisfy the default judgment entered against the original defendants.

II

The court turns first to defendants' motion to dismiss.

A

In deciding defendants' motion, the court evaluates the sufficiency of plaintiffs' claims by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to [the parties].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive defendants' motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

B

"Generally, a party cannot base a 12(b)(6) motion on res judicata," because res judicata[1] "must be pleaded as an affirmative defense." *Risby v. United States*, 2006 WL 770428, at *5 (N.D. Tex. Mar. 7, 2006) (Ramirez, J.) (citing 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 604-10 (1st ed. 1969)). But "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

"Claim preclusion 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). "Federal law determines the res judicata effect of a prior federal court judgment." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Four elements must be established for claim preclusion to apply: "(1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Duffie*, 600 F.3d at 372.

---

[1]"Res judicata is also known as claim preclusion[.]" *United States v. Davenport*, 484 F.3d 321, 326 n.8 (5th Cir. 2007).

"To satisfy the [first] element, strict identity of parties is not necessary." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). "A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Id.* (citing *Nevada v. United States*, 463 U.S. 110, 129 (1983)). "'Privity' is recognized as a broad concept, which requires [courts] to look to the surrounding circumstances to determine whether claim preclusion is justified." *Id.* "In short, parties which are sufficiently related to merit the application of claim preclusion are in privity." *Id.* at 1174.

The court evaluates the fourth element under "a transactional test," where "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). "If the factual scenario of the two actions parallel, the same cause of action is involved in both." *Id.* "The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." *Id.*

C

Defendants argue that all four elements of claim preclusion are met on the face of plaintiffs' second amended complaint. They maintain that the first element of claim preclusion is established by plaintiffs' allegations that defendants do business under the names of the original defendants. *See* 2d. Am. Compl. ¶ 5. Defendants aver that the second and third elements of claim preclusion are met by the default judgment rendered against the original defendants, because this court is a court of competent jurisdiction and a default

judgment is a final judgment on the merits. Defendants posit that the fourth element is established because plaintiffs are seeking a declaratory judgment that defendants are liable for satisfaction of the default judgment against the original defendants.

Plaintiffs respond that defendants' motion conclusively establishes that plaintiffs are entitled to the declaratory judgment they seek because, to satisfy the first element of claim preclusion, defendants admitted that they are in privity with the original defendants, thus making defendants liable for satisfaction of the declaratory judgment. Plaintiffs therefore maintain that defendants' motion to dismiss should be denied and that plaintiffs' declaratory relief request should be granted, because defendants, relying on plaintiffs' pleading of privity, would be estopped from later arguing that there is no privity for purposes of their liability for satisfying the default judgment against the original defendants. Plaintiffs posit in their motion for partial summary judgment that this suit is not barred by claim preclusion because their declaratory judgment claim merely asks the court to specify that defendants are liable to satisfy the default judgment.

Defendants reply that their motion to dismiss does not constitute an admission that they are liable to satisfy the default judgment against the original defendants. Defendants argue that if plaintiffs' pleadings establish that claim preclusion applies to plaintiffs' claims, including the declaratory judgment claim, the court cannot reach the merits of any of plaintiffs' claims because a holding of claim preclusion bars plaintiffs' claims.

D

The court first addresses whether the four elements of claim preclusion are met.[2] Plaintiffs allege that Mantas "does business under the assumed names of [Lionhead] and [Allied,]" PNYX manages the property at issue in plaintiffs' claims "under the assumed name of [Lionhead,]" and Allied MD PA "does business under the assumed name of [Allied]." 2d Am. Compl. ¶ 5; *see also id.* at ¶¶ 11-13. These pleadings clearly demonstrate that the parties are in privity because defendants were doing business under the names of the original defendants. *See Russell*, 962 F.2d at 1174 (stating that parties need only be "sufficiently related to merit the application of claim preclusion").

The second element of claim preclusion is satisfied because the default judgment was issued by this court, a court of competent jurisdiction.

The third element is satisfied because a default judgment constitutes a final judgment on the merits. *See, e.g., W. Coast Distrib., Inc. v. Pearce*, 2010 WL 145283, at *4 (N.D. Tex. Jan. 14, 2010) (O'Connor, J.) (citing *Morris v. Jones*, 329 U.S. 545, 550-51 (1947)).

The fourth element of claim preclusion—whether the two actions are based on the same nucleus of operative facts—is met as to plaintiffs' claims under the ADA and Texas law because the pleading is identical to the one against the original defendants.

Plaintiffs' declaratory judgment claim, however, is *not* based on the same nucleus of operative facts as are plaintiffs' claims under the ADA and Texas law. Plaintiffs seek a

---

[2]Plaintiffs do not dispute that the first three elements are met, and they affirmatively argue that the first element (privity) is satisfied.

declaratory judgment that defendants are liable for the satisfaction of the default judgment that the court entered against the original defendants. A suit to collect on a previously obtained judgment is not based on a common nucleus of operative facts with a prior suit resulting in that judgment. *See FDIC v. Mmahat*, 960 F.2d 1325, 1329-30 (5th Cir. 1992) (holding that fourth element of claim preclusion was not met because "the FDIC did not pursue a new theory of recovery in [the second suit]; it sought merely to collect a pre-existing judgment in its favor"); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 37 F.3d 193, 196-97 (5th Cir. 1994) (relying on *Mmahat* to hold that claim preclusion did not bar collection action on prior judgment). This is so, in part, because "[t]he aim of claim preclusion is . . . to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach." *Mmahat*, 960 F.2d at 1329 (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)). As in *Mmahat*, plaintiffs' instant declaratory judgment claim does not "seek[] to relitigate the issue of liability"; therefore, claim preclusion does not bar plaintiffs' suit to "collect the judgment it obtained against [the original defendants]."[3] *Id.* at 1330.

---

[3]Both parties argue that *Russell* supports their respective positions, but the court need not address *Russell* because it primarily concerned whether the first element of claim preclusion, rather than the fourth element, was met. *See Russell*, 962 F.2d at 1173-77. Without a detailed analysis, the court in *Russell* held that the fourth element of claim preclusion was met because the two actions at issue, unlike the claims in the first suit and the declaratory judgment claim in the instant case, involved "essentially the same allegations regarding the same underlying[] acts." *Id.* at 1173.

Accordingly, the court grants defendants' motion to dismiss plaintiffs' claims under the ADA and Texas law on the ground that they are barred by claim preclusion, but it denies defendants' motion to the extent it seeks dismissal of plaintiffs' declaratory judgment claim.

III

The court now considers plaintiffs' motion for partial summary judgment.

A

Plaintiffs argue that they are entitled to summary judgment on their declaratory judgment claim because defendants made a binding admission in their motion to dismiss that they are in privity with the original defendants, and because defendants are in privity, they are liable for the default judgment entered against the original defendants. Plaintiffs also maintain that because defendants bear the burden of proving every element of their affirmative defense, including that they are in privity with the original defendants, defendants, relying on plaintiffs' pleadings to prove these elements, are estopped from denying or attempting to disprove that privity exists.

Defendants respond that privity is a legal conclusion and therefore does not constitute a judicial admission because only statements of fact can be judicial admissions. Defendants also contend that they were not pleading or admitting that they are in privity with the original defendants in their motion to dismiss. Instead, according to defendants, they moved to dismiss plaintiffs' claims because, taking the assertions in plaintiffs' second amended complaint as true, as is required when moving for dismissal under Rule 12(b)(6), the affirmative defense of claim preclusion barred plaintiffs' claims. In other words, defendants

maintain that they were not stating that they were in privity with the original defendants, but were arguing that if plaintiffs asserted that they were in privity, plaintiffs' own pleadings demonstrated that their claims were barred by claim preclusion.

B

Because plaintiffs will have the burden of proof at trial on their declaratory judgment claim, to obtain summary judgment they "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that plaintiffs must demonstrate that there are no genuine and material fact disputes and that they are entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making [it.]" *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). "[F]or a statement of counsel to qualify as a judicial admission 'it must be made intentionally as a waiver, releasing the opponent from proof of fact.'" *United States v. Chavez-Hernandez*, 671 F.3d 494, 501 (5th Cir. 2012) (quoting *Martinez*, 244 F.3d at 476); *see also In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992) ("[O]nly

- 10 -

'deliberate, clear and unequivocal' statements can constitute conclusive judicial admissions."). "Judicial admissions generally [] are restricted to matters of fact which otherwise would require evidentiary proof, and therefore, do not include legal theories or conclusions[.]" *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 WL 3365520, at *5 n.2 (E.D. La. Aug. 8, 2008) (citations omitted). Whether a court "treat[s] statements in briefs as binding judicial admissions of fact . . . is within [its] discretion." *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (citations omitted).

"Judicial estoppel applies to protect the integrity of the courts—preventing a litigant from contradicting its previous, inconsistent position when a court has adopted and relied on it." *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). "Where a party intentionally makes statements that are accepted as true by a court, that court may use the judicial estoppel doctrine to bar the party from relying on later statements clearly inconsistent with the earlier position." *Sociedad Colombiana De Construcciones, Sa-Sococo v. Int'l Columbia Res. Corp.*, 45 Fed. Appx. 322, at *3 (5th Cir. 2002) (per curiam) (citing *Ahrens*, 205 F.3d at 833). "Most courts have identified at least two limitations on the application of the doctrine: (1) it may be applied only where the position of the party to be estopped is clearly inconsistent with its previous one; and (2) that party must have convinced the court to accept that previous position." *Ahrens*, 205 F.3d at 833.

C

The court concludes that plaintiffs have failed to satisfy their heavy summary judgment burden.

Defendants made clear in their motion to dismiss that they were not admitting that privity existed between themselves and the original defendants. Instead, defendants argued that, when moving to dismiss under Rule 12(b)(6), they must take the pleadings in plaintiffs' second amended complaint as true, and, when taken as true, plaintiffs' pleadings establish defendants' affirmative defense of claim preclusion. Defendants therefore did not make a judicial admission of fact in their motion to dismiss, but instead moved to dismiss plaintiffs' claims based on the *plaintiffs'* version of the facts. Because defendants' clearly-expressed intent was not to make a judicial admission regarding privity, the court declines in its discretion to treat defendants' statements regarding privity in their motion to dismiss briefing as such. *See City Nat'l Bank*, 907 F.2d at 544.

The court also holds that judicial estoppel does not prevent defendants from arguing in response to plaintiffs' motion for partial summary judgment that they are not in privity with the original defendants. Judicial estoppel prevents a party "from contradicting its previous, inconsistent position when a court has adopted and relied on it." *Ahrens*, 205 F.3d at 833. Defendants did not adopt inconsistent positions. As the court has explained, defendants argue in their motion to dismiss that *plaintiffs'* factual pleadings regarding defendants' relationship to the original defendants conclusively establish that claim preclusion bars plaintiffs' claims. Defendants did not admit that privity existed between themselves and the original defendants. Moreover, in holding that claim preclusion barred most of plaintiffs' claims, the court did not adopt defendants' factual pleadings establishing privity, but instead relied on the contents of plaintiffs' second amended complaint.

Defendants therefore are not estopped from denying, in response to plaintiffs' motion for partial summary judgment, that they are in privity with the original defendants.[4]

Because plaintiffs rely solely on defendants' alleged admissions in their motion to dismiss to establish the right to declaratory relief, and the court holds that defendants' alleged admissions are insufficient to meet plaintiffs' burden, plaintiffs have not established beyond peradventure that they are entitled to a declaratory judgment.[5]  Accordingly, plaintiffs' motion for partial summary judgment is denied.

\* \* \*

For the reasons explained, defendants' March 16, 2012 motion to dismiss is granted in part and denied in part. The court dismisses all of plaintiffs' claims in their second amended complaint except plaintiffs' declaratory judgment claim. The court denies plaintiffs' April 6, 2012 motion for partial summary judgment.

**SO ORDERED.**

July 6, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[4]Because the court holds that defendants did not make a judicial admission and are not estopped from denying privity with the original defendants, it need not reach defendants' argument that, even if privity were established, it does not necessarily follow that defendants are the alter egos of the original defendants and therefore liable for satisfaction of the default judgment.

[5]Because the court is denying plaintiffs' motion for summary judgment on their declaratory judgment claim, it also denies plaintiffs' motion for attorney's fees.